PEARSON *et al.* *v.* CHAMBLEE, administrator, *et al.*

GILBERT, J. 1. The petition was subject to the ground of demurrer pointing out that there was a misjoinder of parties and of causes of action.

(a) Of the plaintiffs named in the petition only one, T. J. Pearson, is alleged to have been a party to the contract with the alleged creditors, which is made the basis of the suit.

(b) There seems to be no connection between the alleged cause of action on the contract and the allegations and prayers seeking to remove defendant Chamblee as administrator on the estate of Mrs. Dora Pearson.

(c) No connection appears between the cause of action on the contract between T. J. Pearson and the creditors on the one hand, and the attempt to set up a cause of action as between the administrator of Mrs. Dora Pearson, deceased (also made a defendant), and the defendant Bank of Menlo.

2. The petition was subject to demurrer on the ground that it contains inconsistent causes of action and seeks inconsistent remedies: (a) it seeks specific performance of a contract made with the creditors, including J. C. Chamblee individually, J. C. Chamblee as administrator, and J. C. Chamblee as trustee; (b) it seeks a judgment against other defendants in favor of J. C. Chamblee, administrator of the estate of Mrs. Pearson; (c) and at the same time seeks to remove Chamblee as

administrator of the estate; (d) and at the same time seeks to have J. C. Chamblee, as administrator, sell the property and distribute the assets; (e) it seeks a judgment denying Chamblee the fees allowed as administrator of the estate of Mrs. Pearson; (f) it seeks collaterally to attack the judgment of the court of ordinary appointing Chamblee as administrator, and to have that judgment canceled.

3. The petitioners having failed to meet any of these grounds of demurrer by amendment, the court did not err in sustaining the demurrers.

4. The petition, as it appears, fails to set out plainly and specifically a cause of action, and therefore the court did not err in sustaining the demurrers and in dismissing the action.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who did not participate.*

No. 4536.    APRIL 18, 1925.

Equitable petition. Before Judge Wright. Chattooga superior court. September 11, 1924.

T. J. Pearson, Mrs. Dorothy Willingham, and T. J. Pearson as next friend of his minor children (six being named) filed an equitable petition against J. C. Chamblee, administrator of Mrs. Dora Pearson, wife of T. J. Pearson, and a number of named creditors of T. J. Pearson, including Bank of Menlo, which it is alleged claims to be a creditor of Mrs. Pearson. The petition alleged: that T. J. Pearson and Mrs. Dora Pearson owned a described farm, and had executed a deed conveying said land as security for a loan obtained from the Chickamauga Trust Company; that the plaintiffs were heirs of Mrs. Dora Pearson, now deceased, that T. J. Pearson was indebted to the creditors in the sum of about $7000; that T. J. Pearson and defendant creditors had entered into an agreement fixing the value of the aforesaid land at the sum of $13,000, and his creditors agreed to take over his undivided half interest at $6500, in full settlement of his indebtedness, with provision that he should have one year within which to sell the same for a better price, and, if he should fail to do so, then the same should belong to said creditors; that said creditors, in order to induce T. J. Pearson to enter into the agreement, promised to pay the indebtedness of T. J. Pearson and Mrs. Dora Pearson to Chickamauga Trust Company, and guaranteed that the one-half interest in the land of which Mrs. Pearson died seized and possessed should bring at administrator's sale $6500, from which the $3000 due by Mrs. Pearson to the Trust Company should be first paid, the balance, after payment of the expense of administration, to go to the heirs at law; that as a part of the consideration

for the agreement T. J. Pearson surrendered his right under the law to be appointed administrator of the estate of Mrs. Pearson, and agreed that J. C. Chamblee, cashier of the Bank of Menlo, should be appointed, and he was accordingly appointed; that the defendants failed to carry out the contract, and caused the land to be sold at a sum much less than $13,000, the amount which they guaranteed to cause it to bring; that by misrepresentation they prevented others from bidding upon the land at administrator's sale; that Chamblee, acting in the dual capacity of administrator and trustee for the creditors, was both seller and buyer; that he pretended to sell the land to O. D. Wyatt and did make to him an administrator's deed, and in turn Wyatt conveyed the same to the Bank of Menlo; that Wyatt was used as a dummy or other fraudulent means to take the title out of the estate into the Bank of Menlo for the benefit of the creditors; that Chamblee suppressed fair competitive bidding, inducing others to remain away from the sale; that Chamblee as administrator had failed to make return of his actings and doings as such, and was a party to the fraudulent scheme for the purpose of procuring title to the land without complying with the terms of the contract and without paying therefor the price as agreed, or a fair price.

The prayers of the petition were: (a) for specific performance of the contract referred to, and that the defendants be required to pay the debt of $6000 due by T. J. and Mrs. Dora Pearson, together with interest, attorney's fees, and costs which may have accrued on account of the default of defendants in paying same; (b) for a decree requiring the defendants to pay to Chamblee, as administrator of the estate of Mrs. Dora Pearson $6500, with interest from the date of the pretended sale above referred to, and that he be directed to pay from the same the amount due by Mrs. Pearson to Chickamauga Trust Co., or, if the same be paid by defendants, that they be reimbursed therefor, and that title to the interest of Mrs. Pearson in the land be decreed to be in the defendants or Chamblee, as trustee for them, or as they may direct, and that the balance be distributed by Chamblee, as administrator, to the heirs of Mrs. Pearson; that Chamblee having by his conduct forfeited his fees for administering said estate, the same be not allowed; that upon his failure to pay said sums, the plaintiffs, or Chamblee, as administrator, have judgment against the de-

fendants for the same, to be disposed of as the court may decree; (c) that defendants be required to surrender all evidence of indebtedness against T. J. Pearson, and that the same be canceled; (d) that Chamblee, as administrator, and the Bank of Menlo be required to produce whatever evidence of indebtedness the bank may hold against Mrs. Dora Pearson, and that the same be decreed to be a nullity and of no binding effect; (e) that Chamblee, as administrator, be required to make full and complete returns showing all indebtedness of said estate, and that judgment be rendered finally settling said estate and directing to whom the same shall be paid and distributed; (f) that, in the event specific performance is not decreed, Chamblee as administrator, or individually, or as trustee, and O. D. Wyatt be required to produce the deeds made to Wyatt and by him to Bank of Menlo, and that the same be decreed to be void and canceled of record, and that Chamblee be directed to proceed with the lawful and orderly sale of the land and administration of Mrs. Pearson's estate, or that he be removed and some other competent person be substituted to carry into effect the decrees of the court; (g) that, in the event specific performance is not decreed, T. J. Pearson be released from any obligation growing out of said agreement, and that all of his rights as joint owner of an undivided one-half interest or otherwise as his rights may appear be restored; (h) for general relief and process.

The defendants demurred to the petition, on the grounds: (1) that it sets forth no cause of action; (2) that its averments are insufficient to authorize the granting of any or all of the prayers for relief; (3) that the averments with reference to the terms of the alleged contract are so vague, indefinite, and uncertain that a decree for specific performance can not legally or equitably be based thereon; (4) that the averments are insufficient to authorize the granting of the prayers for relief (b)-(g) as above stated; (5) that the petition is multifarious in that there is a misjoinder of parties and a misjoinder of causes of action, because separate and independent relief is prayed for against separate defendants in said suit; (6) that in so far as the alleged contract pertains to the plaintiffs who are alleged to be minors, the same is void, because it appears from the averments of the petition that neither of them nor any one authorized to act for them was a party to

said alleged contract, and there was no consideration for the alleged contract in so far as they or Mrs. Willingham are concerned; (7) that the averment that the defendants agreed to and did guarantee that the interest of Mrs. Pearson in the land would bring $6500, out of which the debt of $3000 due by her to Chickamauga Trust Co. should first be paid, the balance, after payment of expense of administration, to go to her heirs at law, is vague, indefinite, and uncertain, in that it is not alleged which of said defendants made said agreement and guarantee, nor whether said agreement or guarantee was made in writing or orally, and in order to bind defendants such agreement would have to be in writing signed by each of the parties to be charged therewith or some person by him lawfully authorized; (8) that the averments of the fourth paragraph of the petition with respect to the appointment of J. C. Chamblee as administrator of the estate of Mrs. Dora Pearson, and the manner in which said appointment was brought about, are wholly immaterial and irrelevant, can not be collaterally attacked, and the same are inconsistent with the remaining allegations of the petition; that the appointment of Chamblee as administrator is ratified by the allegations and prayers of the petition, and affirmative relief is sought against him as such administrator; (9) that the averments to the effect that fair and competitive bidding was suppressed by defendant, and that defendant let it be known to Charlie Hutchins that there was no use in his attending the sale unless he expected to bid at least $13,000 for the land, and did inform him either in words or innuendo or other means that there was an agreement on the part of interested parties as to the purchase-price, and that the same was not a bona fide, fair, and competitive bid sale, are insufficient, because it is not alleged which of the defendants suppressed fair and competitive bidding, or how or in what way it was done; it is not alleged which of the defendants apprised Charlie Hutchins of any of the matters or things alleged, or how or in what way the same was made known to him; and the averment that Hutchins was informed by innuendo or other means is a conclusion of the pleader.

Error is assigned upon the judgment of the court sustaining the demurrer and dismissing the petition.

*Wesley Shropshire* and *Denny & Wright,* for plaintiffs.
*Maddox, Matthews & Owens,* for defendants.